**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SAM LEWIS**,

Plaintiff, Case No. 8:25-cv-01964-WFJ-AAS

v.

**CAINE & WEINER COMPANY, INC.**,

Defendant.
_______________________________________/

# ORDER

Before the Court is Defendant Caine & Weiner Company, Inc.'s Motion to Dismiss Plaintiff Sam Lewis' First Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 13. Plaintiff, proceeding *pro se*, has responded in opposition. Dkt. 14. Upon due consideration, the Court grants Defendant's Motion to Dismiss.

## BACKGROUND

This dispute arises out of Plaintiff having allegedly been "the subject of a derogatory collection tradeline reported by Defendant to consumer reporting agencies[.]" Dkt. 9 ¶ 6. Plaintiff describes Defendant as a "furnisher of information" and "debt collector." *Id.* ¶¶ 18, 22. Allegedly, Defendant erroneously identified the "Hudson National Golf Club" as Plaintiff's creditor and listed a certain debt as a

"Collection Account" and "Balance Due." *Id.* ¶ 7. Plaintiff claims this information is inaccurate because the Hillsborough County Court vacated a previously granted summary judgment against Plaintiff in the underlying collection case for this debt. *Id.* ¶ 8; C-Dkt. 68.[1]

Since this vacatur, the Hillsborough County Court has again granted summary judgement, C-Dkt. 157, and final judgment was entered against Plaintiff for the aforementioned debt owed to the Hudson National Golf Club. C-Dkt. 156. The Hillsborough County Court denied Plaintiff's motion for rehearing regarding the final judgment. C-Dkts. 159, 160. Plaintiff subsequently appealed the final judgment and the denial of rehearing to the Florida Second District Court of Appeals. C-Dkt. 161. The Court of Appeals denied Plaintiff's motion for issuance of written opinion, C-Dkt. 185, and affirmed the decision of the Hillsborough County Court. C-Dkt. 186. The Court asked the parties to brief here on the Court of Appeals' opinion; Plaintiff did not. *See* Dkt. 35.

Plaintiff brings the followings claims in his First Amended Complaint of the present action against Defendant: violation of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681s-2(b) (Count I); violation of the Fair Debt Collection

[1] The Court takes judicial notice of the underlying collections case and the related filings, *Hudson Nat'l Golf Club v. Lewis*, No. 24-cc-7013. *See Young v. City of Augusta*, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir.1994)) ("[A] court may take notice of another court's order for the limited purpose of recognizing the judicial action taken or the subject matter of the litigation[.]"). Any reference to filings in the underlying collections case will be cited as "C-Dkt. __" in this Order.

Practices Act (the "FDCPA"), 15 U.S.C. § 1692e (Count II); and defamation (Count III). *Id.* ¶¶ 17–29.

## LEGAL STANDARD

As an initial matter, *pro se* litigants' filings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This liberal reading, however, does not exempt *pro se* plaintiffs from the pleading standards outlined in the Federal Rules of Civil Procedure or the Local Rules of the Middle District of Florida. *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *Caton v. Louis*, No. 2:07-CV-32-FtM-99SPC, 2007 WL 9718731, at *1 (M.D. Fla. Feb. 21, 2007). Moreover, a district court may not serve as a *pro se* plaintiff's "*de facto* counsel" or "rewrite an otherwise deficient pleading[.]" *See GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in a light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir.

2008) (citation modified) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The Court does not need to accept as true any bare legal conclusions offered in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**DISCUSSION**

To successfully plead a section 1681s-2(b) FCRA claim (Count I), a plaintiff must identify "inaccurate or incomplete information that the furnisher provided to the [consumer] reporting agency." *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1218 (11th Cir. 2023) (citation omitted). To plead a section 1692e FDCPA claim (Count II), a plaintiff must allege that a debt collector utilized "false, deceptive, or misleading representation or means in connection with the collection of any debt." *Gause v. Med. Bus. Consultants, Inc.*, 424 F. Supp. 3d 1175, 1205 (M.D. Fla. 2019) (quoting 15 U.S.C. § 1692e). Under Florida law, a claim of defamation (Count III) requires a plaintiff to allege "falsity." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018).

Here, the contention underlying each of Plaintiff's three claims is that the Hillsborough County Court vacated the prior summary judgment against him in the underlying collections case, and thus it was improper for Defendant to represent that he owed the relevant debt to the Hudson National Golf Club. *See* Dkt. 9 ¶ 19 ("Defendant willfully and/or negligently failed to meet these duties by continuing to report a vacated debt as accurate despite CRA disputes and actual notice of

vacatur."); *id.* ¶ 23 ("By reporting and attempting to collect a debt that had been judicially vacated, Defendant used false, deceptive, and misleading representations in violation of §1692e."); *id.* ¶ 27 ("Defendant acted with actual malice and reckless disregard for the truth, because Plaintiff provided actual notice of the vacatur order and filed direct disputes, yet Defendant continued to furnish false tradeline information.").

However—notwithstanding whether a vacatur of summary judgment regarding debt collection may serve as a basis for Plaintiff's claims—summary judgement was again granted, and final judgment was ultimately entered against Plaintiff for this debt. C-Dkts. 156, 157. The patent existence of the debt—as found by the Hillsborough County Court—shows that Plaintiff has failed to sufficiently allege "inaccurate or incomplete information," "false, deceptive, and misleading representations," and "falsity." *See Pittman v. Experian Info. Sol.*, No. 3:21-cv-554-BJD-MCR, 2021 WL 9628771, at *3 (M.D. Fla. July 28, 2021) (regarding an FCRA claim, "[a] consumer fails to establish a factual inaccuracy . . . by merely asserting a challenge to the legal validity of a reported debt" (citation omitted)); *Miljkovic v. Shafritz & Dinkin, P.A.*, No. 8-14-cv-635-T-33TBM, 2014 WL 3587550, at *8 (M.D. Fla. July 18, 2014) (regarding an FDCPA claim, holding that "the Court may determine that the alleged conduct does not constitute a colorable § 1692e claim" (citation omitted)); *Wilson v. Ally Fin.*, No. 4:19CV370-WS-MAF, 2020 WL

4820009, at *3 (N.D. Fla. July 16, 2020), *report and recommendation adopted sub nom. Wilson v. Ally Fin. Inc.*, No. 4:19CV370-WS/MAF, 2020 WL 4819268 (N.D. Fla. Aug. 19, 2020) (regarding a defamation claim related to credit report showing a failure to make payments, finding that the "[p]laintiff's claim for defamation [was] insufficient as a matter of law" because the plaintiff patently failed to make required monthly payments).

Although Plaintiff attempted to argue that the existence of an appeal made it improper for Defendant to represent that he owes this debt, Dkt. 25, the Florida Second District Court of Appeals eventually affirmed the decision of the Hillsborough County Court and resolved the appeal. C-Dkt. 186. All three grounds in the three-count First Amended Complaint were eviscerated by the state court judgments and thus any amendment would be futile. *See Alberto v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 467, 469 (11th Cir. 2019) ("A court may . . . dismiss a *pro se* complaint with prejudice where any amendment would be futile—that is, where even 'a more carefully drafted complaint could not state a claim.'" (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018))). Accordingly, the Court finds that Plaintiff has failed to state a claim for which relief can be granted, and thus grants Defendant's motion and dismisses with prejudice Plaintiff's First Amended Complaint.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Defendant Caine & Weiner Company, Inc.'s Motion to Dismiss, Dkt. 13, is **GRANTED**. Plaintiff Sam Lewis' First Amended Complaint, Dkt. 9, is **DISMISSED with prejudice**.

(2) The Clerk is directed to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida, on November 13, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record